## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Case No. LA 03-13364-(MFW) |
| THE GINGISS GROUP, INC., et al., | (Jointly Administered) |
| Debtors. | Chapter 7 |
| | Adv. No. 06-50618 (KJC) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for the estates of THE GINGISS GROUP, INC., et al., | |
| Plaintiff, | |
| vs. | |
| SULMEYER KUPETZ, A PROFESSIONAL CORPORATION, | |
| Defendant. | |

## OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW

## THE REFERENCE TO THE BANKRUPTCY COURT

Howard N. Madris
SulmeyerKupetz
333 South Hope Street, Thirty-Fifth Floor,
Los Angeles, CA 90071
213.626.2311
Fax: 213.629.4520
hmadris@sulmeyerlaw.com

Susan E. Kaufman (DSB # 3381)
Heiman Gouge & Kaufman, LLP
800 King Street
Suite 303
P.O. Box 1674
Wilmington, DE 19801
(302) 658-1800
(302) 658-1473 (fax)
skaufman@hgkde.com

TABLE OF CONTENTS

**Page**

I.FACTUAL AND PROCEDURAL BACKGROUND                          2

II.THE DISTRICT COURT SHOULD WITHDRAW
THE REFERENCE BECAUSE LITIGATING THIS PROCEEDING IN THE
BANKRUPTCY COURT WOULD DEPRIVE DEFENDANT OF ITS
CONSTITUTIONAL RIGHT TO A JURY TRIAL                         3

III.CONCLUSION                                              6

# TABLE OF AUTHORITIES

**Page**

## CASES

Beard v. Braunstein
914 F.2d 434 (3rd Cir. 1990)..........................................................................5

Granfinanciera, S.A. v. Nordberg
492 U.S. 33, 41 (1989)...................................................................................5

Gumport v. Growth Fin. Corp. (In re Transcon Lines)
121 B.R. 837 (C.D. Cal. 1990) ......................................................................6

In re Just for Feet, Inc.
2002 Bankr. LEXIS 330, *3 (Bankr. D. Del. 2002, J. Fitzgerald) ...............4, 5

In re Lissner Corp.
115 B.R. 604 (N.D. Ill. 1990) .........................................................................3

In re NDEP Corp.
203 B.R. 905 (D. Del. 1996)....................................................................3, 4, 6

Langenkamp v. Culp
498 U.S. 42 (1990)..........................................................................................5

S.E.C. v. The Infinity Group, Inc.
212 F.3d 180 (3d. Cir. 2000) ..........................................................................4

## STATUTES

11 U.S.C. § 547 ..............................................................................................4

11 U.S.C. § 548 ..............................................................................................5

11 U.S.C. § 549 ..............................................................................................5

11 U.S.C. § 550 ..............................................................................................5

28 U.S.C. § 157(d)......................................................................................1, 3

28 U.S.C. § 157(e)..........................................................................................5

Fed. R. Bankr. Proc. 5011 ..............................................................................1

Pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, defendant **Sulmeyer**Kupetz, A Professional Corporation ("Defendant"), by and through its undersigned counsel, hereby files this opening brief in support of its concurrently-filed motion ("Motion") for an order from the United States District Court for the District of Delaware ("District Court"), withdrawing the standing order of reference to the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court" or "Court"), and in support thereof respectfully states as follows:

1.    The above-captioned adversary proceeding ("Adversary Proceeding") was commenced by a complaint ("Complaint") to avoid and recover alleged preferential transfers and fraudulent conveyances, brought by Alfred T. Giuliano ("Trustee"), the Chapter 7 Trustee for the estates of The Gingiss Group, Inc., et al. ("Debtors").

2.    Pursuant to 28 U.S.C. § 157(d), the reference of the Adversary Proceeding to the Bankruptcy Court should be withdrawn because the Motion is timely and because Defendant has cause for seeking the withdrawal.  The Motion is timely because Defendant has filed the Motion approximately two weeks after it was required to (and did) file its answer and request for a jury trial. Defendant has cause for seeking the withdrawal because Defendant has a constitutional right to a jury trial, which can only take place in the District Court; and because the interests of judicial economy favor litigating the action in the District Court; and because the Trustee will suffer no prejudice if the Motion is granted.

I.

## FACTUAL AND PROCEDURAL BACKGROUND

3.    The Debtors filed for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court on November 3, 2003.

4.    The Debtors' cases were thereafter converted to Chapter 7, and the Trustee was appointed.

5.    The Trustee commenced the Adversary Proceeding on or about March 30, 2006.  A copy of the Complaint is Ex. "A" hereto.[1]

6.    As a result of several stipulations, the deadline for Defendant to respond to the Complaint was extended to July 11, 2006.  On that date, Defendant filed its Answer to Complaint to Avoid and Recover Transfers; Demand for Jury Trial as to All Counts and Claims for Relief ("Answer"), a copy of which is attached as Ex. "B" hereto.

7.    The initial scheduling conference in the Adversary Proceeding ("Initial Scheduling Conference") was held on July 12, 2006.  A copy of the Bankruptcy Court's discovery scheduling order ("Scheduling Order") is Ex. "C" hereto.[2]

---

[1] All exhibits are true and correct copies of that which they purport to be, and are fully incorporated herein by reference.  The Court is also hereby requested to take judicial notice of said exhibits.

[2] At the Initial Scheduling Conference, the parties' counsel agreed on the record that the Scheduling Order is hereby modified in that the discovery planning conference ("DPC") referenced in par. 2 of the Scheduling Order shall take place no later than August 11, 2006, and that all later deadlines based on the date of the DPC (i.e., that the initial disclosures are due 14 days after the DPC), shall be adjusted accordingly.

8.    On or about April 28, 2006, the Trustee mailed discovery to the Defendant (requests for production of documents, interrogatories, and requests for admissions).   Defendant contends that under the Local Bankruptcy Rules, its responses to the Trustee's discovery must be served by August 12, 2006 (30 days after the Initial Scheduling Conference).

9.    Defendant has filed a motion in the bankruptcy court pursuant to Local Bankruptcy Rule 5011-1 to determine whether the Adversary Proceeding is core or non-core.

## II.

## THE DISTRICT COURT SHOULD WITHDRAW THE REFERENCE BECAUSE LITIGATING THIS PROCEEDING IN THE BANKRUPTCY COURT WOULD DEPRIVE DEFENDANT OF ITS CONSTITUTIONAL RIGHT TO A JURY TRIAL

10.    Pursuant to 28 U.S.C. § 157(d), the district court may withdraw any proceeding otherwise referred to a bankruptcy court on "timely" motion of a party and "for cause shown."

11.    A motion for withdrawal is timely when made "as soon as possible after the moving party has notice of the grounds for withdrawing the reference ... or at the first reasonable opportunity." In re Lissner Corp., 115 B.R. 604,608 (N.D. Ill. 1990) (internal quotations omitted).  The district court has found a motion for withdrawal to be timely when filed approximately eleven weeks after the filing of an adversary complaint. See In re NDEP Corp., 203 B.R. 905, 907 (D. Del. 1996).

12.    In this proceeding, Defendant timely filed its Answer on July 11, 2006.  Defendant has filed the Motion to withdraw the reference approximately two weeks later.  Thus, the Motion is clearly timely under 28 U.S.C. § 157(d).

13.     In deciding whether to withdraw a reference to a bankruptcy court, the Third Circuit requires that a district court consider the following five factors: (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or adverse party; (3) whether any prejudice would result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for failure to file a timely demand. S.E.C. v. The Infinity Group, Inc., 212 F.3d 180, 196 (3d. Cir. 2000). Here, these factors weigh in favor of withdrawing the reference because Defendant is entitled to and has requested a jury trial (the demand for jury trial is attached at the end of Defendant's Answer); the request will not disrupt the Trustee's or court's schedule; the Trustee will suffer no prejudice whatsoever; and the Motion is timely.

14.     Whether the parties have requested a jury trial is a key factor in deciding whether to withdraw a reference to bankruptcy court. See NDEP Corp., 203 B.R. at 908. Indeed, where the defendant has not filed a proof of claim, the right to a jury trial constitutes sufficient "cause" to withdraw the reference. For instance, in the case of In re Just for Feet, Inc., 2002 Bankr. LEXIS 330, *3 (Bankr. D. Del. 2002, J. Fitzgerald) (attached as Ex. "D" hereto) (a preference lawsuit where the defendant did not file a proof of claim), the court held that "the right to a jury trial constitutes sufficient cause for withdrawal of the reference."

15.     The Seventh Amendment to the U.S. Constitution requires a jury trial for "a cause of action [that] is legal in nature and ... involves a matter of 'private right." NDEP Corp., 203 B.R. at 909 (quoting Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989)). The instant Adversary Proceeding consists of claims for alleged preferential transfers under 11 U.S.C. § 547 (Count 1);

alleged fraudulent conveyances under 11 U.S.C. § 548 (Count 2); recovery of avoided transfers under 11 U.S.C. § 549 (Count 3); and recovery of avoided transfers under 11 U.S.C. § 550 (Count 4). Defendant is entitled to a jury trial on each of these claims. See Beard v. Braunstein, 914 F.2d 434, 437 (3rd Cir. 1990) ("a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer") (quoting Granfinanciera, 492 U.S. at 36); Langenkamp v. Culp, 498 U.S. 42, 64 (1990) (concluding that a creditor who has not filed a proof of claim against the estate was entitled to a jury trial on a bankruptcy trustee's fraudulent conveyance claim).

16.    Defendant has not asserted any claims against the Debtors' estates and, therefore, has not consented to the jurisdiction of the Bankruptcy Court. Thus, pursuant to the cases cited above, Defendant is entitled to a jury trial, which it has demanded in its Answer.

17.    The Bankruptcy Court would not be able to conduct a jury trial in this case. A bankruptcy court only has authority to conduct a jury trial "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e) (emphasis added). Defendant has not consented to a jury trial in the Bankruptcy Court.

18.    Because Defendant has a constitutional right to a jury trial, which only the District Court can conduct, there is cause for withdrawing the reference. See Just for Feet, supra, where the court mandated withdrawal of the reference in a preference action where the defendant had not filed a proof of claim. Furthermore, since the District Court must conduct the jury trial, "it would constitute a tremendous waste of judicial resources to permit the bankruptcy

judge to continue to maintain jurisdiction over the issues presented in this litigation." NDEP Corp., 203 B.R. at 913 (quoting Gumport v. Growth Fin. Corp. (In re Transcon Lines), 121 B.R. 837, 838 (C.D. Cal. 1990)).

19.     Furthermore, there is no evidence that the withdrawal of the reference will disrupt the schedule of either the Trustee or the court, or that it will prejudice the Trustee. Defendant requested a jury trial as quickly as was possible; namely as part of its Answer to the Complaint. By the Motion, Defendant has requested the withdrawal of the reference approximately two weeks thereafter. Indeed, the Answer was filed on July 11, 2006 and the Initial Scheduling Conference (pursuant to which the Bankruptcy Court entered its Scheduling Order) was held the next day, on July 12, 2006. Thus from the inception of the discovery period, the Trustee has been aware that Defendant seeks a jury trial, and has had the opportunity to tailor his discovery requests accordingly.

### III.

### CONCLUSION

20.     For the foregoing reasons, Defendant respectfully requests that the District Court grant the Motion, and thus withdraw the reference of the Adversary Proceeding to the Bankruptcy Court.

DATED: July 26, 2006

Respectfully submitted,

**SULMEYER**KUPETZ
A Professional Corporation


By: */s/ Howard N. Madris*
    Howard N. Madris
    California Bar No. 157691
    **SULMEYER**KUPETZ
    A Professional Corporation
    333 South Hope Street, 35th Floor
    Los Angeles, CA 90071
    Telephone: (213) 626-2311
    Facsimile: (213) 629-4520

HEIMAN, GOUGE & KAUFMAN, LLP


    */s/ Susan E. Kaufman*
    Susan E. Kaufman (DSB # 3381)
    800 King Street
    Suite 303
    P.O. Box 1674
    Wilmington, DE 19801
    (302) 658-1800
    (302) 658-1473 (fax)
    skaufman@hgkde.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| THE GINGISS GROUP, INC., et al.,[1] | : | Case No. 03-13364 (MFW) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |
| ALFRED T. GIULIANO, | : | |
| Chapter 7 Trustee for the estates of | : | |
| THE GINGISS GROUP, INC., et al,[1] | : | Adversary No. 06- |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| SULMEYER KUPETZ, | : | |
| A PROFESSIONAL CORPORATION, | : | |
| Defendant. | : | |

COMPLAINT OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE
FOR THE GINGISS GROUP, INC., ET AL. TO AVOID AND
RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 550

ALFRED T. GIULIANO, Chapter 7 Trustee for the jointly administered estates of The

Gingiss Group, Inc., et al. (collectively, the "Debtors"), by and through his counsel, FOX

ROTHSCHILD LLP, brings this adversary proceeding pursuant to Fed. R. Bankr. P. 7001, to

avoid and recover transfers pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and alleges as

follows:

### JURISDICTION AND VENUE

1.      This Court (the "Bankruptcy Court") has jurisdiction over this adversary

proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding

arising under or arising in or related to a case under title 11 of the United States Code (the

"Bankruptcy Code").

---

[1] The Debtors include: The Gingiss Group, Inc., Gary's Operating, Inc., GII Acquisition, Inc., Gingiss International, Inc., and Gingiss Formalwear, Inc.

3/30/06
#1

2.      This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3.      Venue of this adversary proceeding is properly in the District of Delaware

pursuant to 28 U.S.C. § 1409(a).

4.      This adversary proceeding is commenced pursuant to Rule 7001 of the Federal

Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee (defined below)

seeks to avoid and recover, pursuant to Sections 547, 548, 549 and 550 of the Bankruptcy Code,

certain preferential transfers, fraudulent transfers and/or post-petition transfers that one or more

of the Debtors made to Defendant (defined below).

## PARTIES AND BACKGROUND

5.      Plaintiff is Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee") for the estates of

the Debtors.

6.      Sulmeyer Kupetz, a Professional Corporation ("Defendant") is an individual,

corporation, limited liability company, individual, partnership or sole proprietorship, whose state

of incorporation, organization, existence or residence is unknown.

7.      Defendant has a mailing address of 333 S. Hope Street - 35th Floor, Los Angeles,

CA 90071.

8.      On November 3, 2003 (the "Petition Date"), the Debtors filed voluntary petitions

for relief (the "Petitions") under chapter 11 of the Bankruptcy Code.

9.      On November 4, 2003, the Bankruptcy Court entered an Order authorizing the

joint administration of the Debtors' cases. The bankruptcy cases are jointly administered under

Case No. 03-13364.

10.     On March 30, 2003, the Bankruptcy Court entered an order converting the

Debtors' cases to ones under chapter 7 and on March 31, 2003 the Trustee was appointed chapter

2

7 trustee of the Debtors' estates.

## COUNT ONE
### (Advance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

11.    The Trustee repeats and re-alleges the allegations contained in all of the proceeding paragraphs of this Complaint as if the same were set forth herein at length.

12.    On or within ninety (90) days before the date of the filing of the Petitions (the "Preference Period") and/or following the filing of the Petitions, one of more of the Debtors transferred and/or caused to be transferred, to or for the benefit of Defendant in the form of one or more payments of monies and/or transfers of goods in, at least, the total amount of $40,000.00, as more specifically set forth below (the "Transfers"):

| Check Date | Amount | Check No. |
|---|---|---|
| 9/9/2003 | 15,000.00 | 187583 |
| 10/25/2003 | 25,000.00 | Wire |
|  | **$40,000.00** |  |

13.    Each of the Transfers constituted a transfer of an interest in property of one or more of the Debtors.

14.    Each of the Transfers was made, or caused to be made, to or for the benefit of Defendant, a creditor of one or more of the Debtors.

15.    The Transfers were made, or caused to be made, for or on account of one or more antecedent debts owed by one or more of the Debtors to Defendant prior to the date on which such Transfer was made.

16.    The Debtors were insolvent for purposes of Section 547(b) of the Bankruptcy Code when each of the Transfers was made.

17.    The Transfers enabled Defendant to receive more than it would have received if the cases were cases under chapter 7 of the Bankruptcy Code, if the Transfers had not been made

3

and if Defendant received payment of the debt(s) relating to each such Transfer to the extent provided by the provisions of the Bankruptcy Code.

18.     Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT TWO
### (Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 548)

19.     Pleading in the alternative, the Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

20.     During the Preference Period, one or more of the Debtors transferred and/or caused the Transfers to be transferred, to or for the benefit of, the Defendant.

21.     Each of the Transfers constituted a transfer of an interest in property of one or more of the Debtors.

22.     The Transfers were made to or for the benefit of the Defendant.

23.     The Debtors received less than reasonably equivalent value in exchange for some or all of the Transfers.

24.     The Debtors were insolvent, or became insolvent, and/or had unreasonably small capital in relation to their business or their transactions at the time or as a result of the Transfers.

25.     The Transfers were made within one (1) year prior to the Petition Date.

26.     Based upon the foregoing, the Transfers constitute avoidable fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

## COUNT THREE
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 549)

27.     Pleading in the alternative, the Trustee repeats and re-alleges the allegations

4

contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

28.     After the Petitions were filed, one or more of the Debtors transferred and/or caused the Transfers to be transferred, to or for the benefit of, the Defendant.

29.     Each of the Transfers constituted a transfer of an interest in property of one or more of the Debtors.

30.     Transfers were payments by one or more of the Debtors to the Defendant for services rendered and/or goods delivered pre-petition.

31.     The Transfers constitute one or more post-petition transfers of property of the estate that is authorized only under 11 U.S.C. §§ 303(f) or 542(c) or is not authorized under the Bankruptcy Code or by the Bankruptcy Court.

32.     Based on the foregoing, the Transfers constitute avoidable post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550.

## COUNT FOUR
### (Recovery of Avoided Transfers Pursuant To 11 U.S.C § 550)

33.     The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

34.     Pursuant to Section 547(b), 548(a) and/or 549(a) of the Bankruptcy Code, the Trustee may avoid the Transfers and, pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover for the benefit of the estates of the Debtors the Transfers, or the value of the Transfers, from Defendant.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter judgment in his favor and against Defendant:

5

      (a)     declaring that the Transfers (plus the amount of any additional transfers of property of the Debtors to Defendant during the Preference Period that discovery may reveal) to Defendant constitute avoidable preferential transfers pursuant to Section 547 of the Bankruptcy Code;

      (b)     declaring that the Transfers (plus the amount of any additional transfers of property of the Debtors to Defendant during the Preference Period that discovery may reveal) to the Defendant constitute avoidable fraudulent transfers pursuant to Section 548 of the Bankruptcy Code;

      (c)     declaring that the Transfers (plus the amount of any additional transfers of property of the Debtors to Defendant following the filing of the Petition that discovery may reveal) to the Defendant constitute avoidable post-petition transfers pursuant to Section 549 of the Bankruptcy Code;

      (d)     avoiding the Transfers (plus the amount of any additional transfers of property of the Debtors to Defendant during the Preference Period or following the filing of the Petition that discovery may reveal) and directing and ordering that Defendant return to the Trustee, pursuant to Section 550 of the Bankruptcy Code, the full value of, and awarding judgment against Defendant in an amount equal to (i) the Transfers (plus the amount of any additional transfers of property of the Debtors to Defendant during the Preference Period or following the filing of the Petition that discovery may reveal), and requiring Defendant to immediately pay the foregoing to Trustee; (ii) pre-judgment and post-judgment interest from the date the Transfers (plus the amount of any additional transfers of property of the Debtors to Defendant during the Preference Period or following the filing of the Petition that discovery may

6

reveal) were made through the date of the payment at the maximum legal rate; and (iii) the

Trustee's attorneys' fees and costs incurred in this suit;

        (e)     if Defendant filed a proof of claim pursuant to Section 501 of the

Bankruptcy Code (a "Filed Claim"), then disallowing the Filed Claim until such time as (i)

Defendant turns over to the Trustee any property deemed recovered pursuant to Section 550 of

the Bankruptcy Code, and/or (ii) Defendant has paid the amount for which Defendant is liable

pursuant to Section 550 of the Bankruptcy Code; and

        (f)     awarding Trustee such other and further relief as may be just and proper.

FOX ROTHSCHILD LLP

By:    */s/ Sheldon K. Rennie*
     Sheldon K. Rennie, Esquire
     Delaware Bar No. 3772
     919 N. Market Street, Suite 1300
     Wilmington, DE 19801-3046
     Tel. (302) 654-7444/Fax (302) 656-8920
     srennie@foxrothschild.com

        -and-

     Michael G. Menkowitz, Esquire
     Mark G. McCreary, Esquire
     2000 Market Street, Tenth Floor
     Philadelphia, PA 19103-3291
     Tel. (215) 299-2000/Fax (215) 299-2150
     mmenkowitz@foxrothschild.com
     mmccreary@foxrothschild.com

     Attorneys for Alfred T. Giuliano,
     Chapter 7 Trustee for
     The Gingiss Group, Inc., et al.

Dated: March 30, 2006

7

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Case No. LA 03-13364-(MFW) |
| THE GINGISS GROUP, INC., et al., | (Jointly Administered) |
| Debtors. | Chapter 7 |
| | Adv. No. 06-50618 |
| ALFRED T. GIULIANO, Chapter 7 Trustee for the estates of THE GINGISS GROUP, INC., et al., | **ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY;** |
| Plaintiff, | **DEMAND FOR JURY TRIAL AS TO ALL COUNTS AND CLAIMS FOR RELIEF** |
| vs. | |
| SULMEYER KUPETZ, A PROFESSIONAL CORPORATION, | |
| Defendant. | |

**TO THE COURT AND THE PLAINTIFF:**

Defendant **Sulmeyer**Kupetz, A Professional Corporation ("Defendant"), hereby answers the complaint of Alfred T. Giuliano, Chapter 7 Trustee ("Plaintiff") for The Gingiss Group, Inc., et al. (collectively, "Debtors"), to avoid and recover transfers pursuant to 11 U.S.C. Secs. 547, 548, 549 and 550 ("Complaint"), and alleges as follows:

1.    Denied.

2.    Denied.

3.    Admitted.

4.    Defendant denies each and every one of the allegations of paragraph 4 of the Complaint. The Complaint speaks for itself.

5.    Admitted.

6.    With respect to paragraph 6 of the Complaint, Defendant admits that Defendant is either an individual, corporation (including without limitation a professional corporation), limited liability company, partnership or sole proprietorship. Defendant denies that its state of incorporation, organization, existence or residence is unknown.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Denied.

11.    In answer to the allegations of paragraph 11 of the Complaint, Defendant fully incorporates by reference all of its responses herein to paragraphs 1-10 of the Complaint.

12.    In answer to the allegations in paragraph 12 of the Complaint, Defendant admits that during the period 90 days before the filing of the Petitions, it received no less than $40,000 from the Debtors.  Except as expressly admitted herein, Defendant denies all other allegations in said paragraph.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    In answer to the allegations of paragraph 19 of the Complaint, Defendant fully incorporates by reference all of its responses herein to paragraphs 1-18 of the Complaint.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    In answer to the allegations of paragraph 27 of the Complaint, Defendant fully incorporates by reference all of its responses herein to paragraphs 1-26 of the Complaint.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    In answer to the allegations of paragraph 33 of the Complaint, Defendant fully incorporates by reference all of its responses herein to paragraphs 1-32 of the Complaint.

34.    Denied.

35.    In answer to all the relief that Plaintiff is requesting in the Complaint (in the last two lines of page 5, all of page 6, and the first 8 lines of page 7), Defendant denies that the Plaintiff is in any way entitled to any such relief.

## First Affirmative Defense

1.  Without admitting any of the allegations of Plaintiff that were previously denied by Defendant, each of the transfer(s) complained of occurred within the ordinary course of business between the Debtors and Defendant, according to ordinary business terms, within the meaning of Section 547(c) of the Bankruptcy Code.

### Second Affirmative Defense

2.  Without admitting any of the allegations of Plaintiff that were previously denied by Defendant, each of the transfer(s) complained of was followed by subsequent "new value" from Defendant to the Debtors, within the meaning of Section 547(c) of the Bankruptcy Code.

### Third Affirmative Defense

3.  Without admitting any of the allegations of Plaintiff that were previously denied by Defendant, each of the transfer(s) complained of was a contemporaneous exchange for new value within the meaning of Section 547(c) of the Bankruptcy Code.

### Fourth Affirmative Defense

4.  Without admitting any of the allegations of Plaintiff that were previously denied by Defendant, each of the transfer(s) complained of was an "advance" or retainer, that Defendant received before it performed services, such that the transfer(s) was/were not on account of antecedent debts.

### Fifth Affirmative Defense

5.  Without admitting any of the allegations of Plaintiff that were previously denied by Defendant, Plaintiff's Complaint is barred by the applicable statute of limitations, and/or because Plaintiff lacks standing and/or is not the proper real-party-in-interest.

### Sixth Affirmative Defense

6.  Without admitting any of the allegations of Plaintiff that were previously denied by Defendant, Plaintiff's Complaint is barred because Plaintiff has failed to sue an indispensable party or parties.

## Seventh Affirmative Defense

7.   Without admitting any of the allegations of Plaintiff that were previously denied by the Defendant, each of the transfer(s) complained of was part of an agreement for the restructuring of the Debtors.

**WHEREFORE**, Defendant prays as follows:

1.   That Plaintiff take nothing by way of his Complaint;

2.   That Defendant receive an award of costs and attorneys' fees for its defense of the within action; and

3.   That Defendant receive such other and further relief as is just and appropriate in the circumstances.

DATED: July 11, 2006                    Respectfully submitted,

SULMEYERKUPETZ
A Professional Corporation


/s/ Howard N. Madris
Howard N. Madris
333 South Hope Street, Thirty-Fifth Floor,
Los Angeles, CA 90071
213.626.2311
Fax: 213.629.4520
hmadris@sulmeyerlaw.com

HEIMAN, GOUGE & KAUFMAN, LLP


/s/ Susan E. Kaufman
Susan E. Kaufman (DSB # 3381)
800 King Street
Suite 303
P.O. Box 1674
Wilmington, DE 19801
(302) 658-1800
(302) 658-1473 (fax)
skaufman@hgkde.com

## DEMAND FOR JURY TRIAL

**Sulmeyer**Kupetz, a Professional Corporation ("Defendant"), hereby requests a trial by jury, as to all counts and claims for relief, and each of them, alleged in the complaint of Alfred T. Giuliano, Chapter 7 Trustee for The Gingiss Group, Inc., et al., to avoid and recover transfers pursuant to 11 U.S.C. Secs. 547, 548, 549 and 550. Defendant further requests that such trial be held in the United States District Court for the District of Delaware.

DATED: July 11, 2006                    Respectfully submitted,

                                        SULMEYERKUPETZ
                                        A Professional Corporation


                                        /s/ Howard N. Madris
                                        Howard N. Madris
                                        333 South Hope Street, Thirty-Fifth Floor,
                                        Los Angeles, CA 90071
                                        213.626.2311
                                        Fax: 213.629.4520
                                        hmadris@sulmeyerlaw.com

                                        HEIMAN, GOUGE & KAUFMAN, LLP


                                        /s/ Susan E. Kaufman
                                        Susan E. Kaufman (DSB # 3381)
                                        800 King Street
                                        Suite 303
                                        P.O. Box 1674
                                        Wilmington, DE 19801
                                        (302) 658-1800
                                        (302) 658-1473 (fax)
                                        skaufman@hgkde.com

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Case No. LA 03-13364-(MFW) |
| THE GINGISS GROUP, INC., et al., | (Jointly Administered) |
| Debtors. | Chapter 7 |

| | |
|---|---|
| ALFRED T. GIULIANO, Chapter 7 Trustee for the estates of THE GINGISS GROUP, INC., et al., | Adv. No. 06-50618 (KJC) |
| Plaintiff, | |
| vs. | |
| SULMEYER KUPETZ, A PROFESSIONAL CORPORATION, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Susan E. Kaufman, Esquire certify that I caused one true and correct copy of the within

Answer to Complaint and Demand for Jury Trial to be sent on July 11, 2006 in the manner

indicated to the following:

Via Hand Delivery

Sheldon K. Rennie, Esquire
Fox Rothschild, LLP
919 N. Market Street
Suite 1300
Wilmington, DE 19801

<u>Via Fax and U.S. Mail, Postage Prepaid</u>

Michael G. Menkowitz, Esquire
Mark G. McCreary, Esquire
Fox Rothschild, LLP
2000 Market Street
10th Floor
Philadelphia, PA 19103
215-299-2150 (fax)

                                HEIMAN, GOUGE & KAUFMAN, LLP

                                <u>*/s/ Susan E. Kaufman*</u>
                                Susan E. Kaufman (DSB # 3381)
                                800 King Street
                                Suite 303
                                P.O. Box 1674
                                Wilmington, DE 19801
                                (302) 658-1800

Dated:  July 11, 2006

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| THE GINGISS GROUP, INC., et al.,[1] | Case No. 03-13364 (MFW) (Jointly Administered) |
| Debtors. | |

| | |
|---|---|
| ALFRED T. GIULIANO, Chapter 7 Trustee for the estates of THE GINGISS GROUP, INC., et al.,[1] Plaintiff, v. | |
| AUTOMOTIVE RENTALS, INC. | Adversary No. 06-50524 |
| DLA PIPER RUDNICK GRAY CARY US LLP d/b/a PIPER RUDNICK LLP | Adversary No. 06-50538 |
| HARTFORD FINANCIAL SERVICES GROUP, INC. d/b/a Hartford Insurance | Adversary No. 06-50617 |
| ISUZU MOTORS ACCEPTANCE CORPORATION d/b/a IMAC | Adversary No. 06-50616 |
| LIPKE-KENTEX CORPORATION f/k/a JOE LIPKE & SONS, INC. | Adversary No. 06-50533 |
| SPRINT NEXTEL CORPORATION d/b/a SPRINT | Adversary No. 06-50544 |
| SULMEYER KUPETZ, A PROFESSIONAL CORPORATION Defendants. | Adversary No. 06-50618 |

**SCHEDULING ORDER**

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

---
[1] The Debtors include: The Gingiss Group, Inc., Gary's Operating, Inc., GII Acquisition, Inc., Gingiss International, Inc., and Gingiss Formalwear, Inc.

PH1 863380v1 07/07/06

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the Initial Scheduling Conference in the adversary proceeding.

2. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall take place no later than thirty (30) days after the first answer or other responsive pleading is filed, or sixty (60) days after the adversary proceeding is commenced, whichever is earlier.

3. The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than fourteen (14) days after the discovery planning conference. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4. All fact discovery shall be completed no later than 105 days after the first answer or other responsive pleading is filed.

5. The parties shall provide expert reports for any issue on which they bear the burden of proof, not including any report by Plaintiff on insolvency of the Debtor, no later than one hundred forty (140) days after an answer or other responsive pleading to the complaint is filed. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided no later than one hundred forty (140) days after an answer or other responsive pleading to the complaint is filed. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut

2

any other expert report, shall be provided no later than one hundred sixty (160) days after an answer or other responsive pleading to the complaint is filed. Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff no later than one hundred seventy (170) days after an answer or other responsive pleading to the complaint is filed. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than one hundred eighty (180) days after the first answer or other responsive pleading is filed.

6. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than ninety (90) days [one hundred twenty (120) days, if the adversary proceeding was filed on or after April 11, 2005] after the answer or other responsive pleading to the complaint is filed, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

7. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8. All dispositive motions shall be filed and served no later than fifteen (15) days after the close of all discovery and shall be subject to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

3

9. The parties shall comply with the General Order Governing Pretrial Procedures in Adversary Proceedings Set for Trial Before Judge Kevin J. Carey. The parties shall file, no later than three (3) business days prior to the date set for Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Carey's chambers.

10. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial ninety (90) days after the entry of the Order, or as soon thereafter as the Court's calendar permits.

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

4

**KEVIN J. CAREY**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: _____, 2006
Wilmington, DE

5

Case 1:06-cv-00518-SLR     Document 2     Filed 08/23/2006     Page 31 of 36

Get a Document - by Citation - 2002 Bankr. LEXIS 330                     Page 1 of 4

Service: **Get by LEXSEE®**
Citation: **2002 Bankr. LEXIS 330,at 5**

*2002 Bankr. LEXIS 330, \**

.IN RE: Just for Feet, Inc., et al., Debtors, Charles R. Goldstein, Chapter 7 Trustee, Plaintiff, v. K-Swiss, Inc., Defendant

Bankruptcy No. 99-4110 through 99-4117 (jointly administered), Chapter 7, Adversary No. 01-08306 (JKF)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

2002 Bankr. LEXIS 330

April 9, 2002, Decided

**DISPOSITION:** Defendant entitled to a jury trial in this avoidance action. Chapter 7 trustee's motion to strike the demand for jury trial denied. Court recommended that the District Court grant the motion to withdraw the reference to the bankruptcy court.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff, Chapter 7 trustee, filed a complaint against defendant, a supplier of merchandise to the debtor, to avoid preferential transfers and to recover property pursuant to 11 U.S.C.S. § 547. The supplier filed a jury demand and moved to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C.S. § 157 (d).

**OVERVIEW:** The court noted that the supplier had not filed a creditor's proof of claim against the bankruptcy estate, but had filed a timely jury demand. Therefore, it had not voluntarily subjected itself to the jurisdiction of the bankruptcy court, had not waived its right to a jury trial, and retained its right under the Seventh Amendment. Withdrawal of the reference to the bankruptcy court was, in most districts, a natural consequence of the retaining the right to a jury trial. Supplier's motions were granted.

**OUTCOME:** The supplier was entitled to a jury trial in the avoidance action, as it had not filed a claim against the estate, and the right to a jury trial constituted sufficient cause for withdrawal of the reference, which was granted.

**CORE TERMS:** jury trial, withdraw, avoidance, motion to strike, proof of claim, allowance, bankruptcy estate, parties agree, triable, motion to withdraw

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Bankruptcy Law > Case Administration > Examiners, Officers & Trustees > Preferential Transfers > Evidence & Procedure

Bankruptcy Law > Claims > Allowance

Bankruptcy Law > Practice & Proceedings > Jury Trials

*HN1* The United States Supreme Court holds that a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate. Specifically, if a creditor files claims against the

Case 1:06-cv-00518-SLR     Document 2     Filed 08/23/2006     Page 32 of 36

Get a Document - by Citation - 2002 Bankr. LEXIS 330                 Page 2 of 4

bankruptcy estate and is then met with a preference action from the trustee, that action becomes part of the claims allowance process which is triable only in equity. Thus, there is no Seventh Amendment right to a jury trial. If, however, the creditor has not filed a claim against the debtor's estate, the creditor is entitled to a jury trial on the issue of whether the payments constituted an avoidable preference. The exception is intended for individuals who have not filed claims but from whom the trustee seeks to recover an allegedly fraudulent or preferential transfer.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Bankruptcy Law > Claims > Allowance 

Bankruptcy Law > Practice & Proceedings > Jury Trials 

Governments > Courts > Authority to Adjudicate

*HN2* The United States Court of appeals for the Third Circuit has held that by submitting a proof of claim to the debtor's estate, creditors effectively waive their right to a jury trial and instead submit themselves to the equitable jurisdiction of the bankruptcy court. A creditor who files a proof of claim against the bankruptcy estate triggers the process of allowance and disallowance of claims', thereby subjecting himself to the bankruptcy court's equitable power. In other words, if that creditor later becomes a defendant in a preference action in which it would normally have a right to a jury trial, that action becomes part of the claims allowance process and is triable only in equity. If, however, the creditor against whom the preference action is brought has not filed a proof of claim, the preference action amounts only to a legal action to recover a monetary transfer. In that situation, the creditor retains the right to a jury trial.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts 

Civil Procedure > Pleading & Practice > Motion Practice > Time Limitations 

Civil Procedure > Judicial Officers > References

*HN3* See 28 U.S.C.S. § 157(d).

**COUNSEL:** [*1] John T. Carroll III, Esquire, Martin T. Fletcher, Esquire, for Plaintiff Charles R. Goldstein, Chapter 7 Trustee.

Joseph Grey, Esquire, Mitchell A. Karlan, Esquire, for Defendant K-Swiss, Inc.

**JUDGES:** Judith K. Fitzgerald, U.S. Bankruptcy Judge.

**OPINIONBY:** Judith K. Fitzgerald

## OPINION: RECOMMENDATION AND ORDER

The Chapter 7 Trustee filed a complaint against Defendant K-Swiss Inc. to avoid preferential transfers and to recover property pursuant to 11 U.S.C. § 547. In response, K-Swiss, Inc., filed three pleadings: (1) Answer and Jury Trial Demand; (2) Motion for Determination of Core Status; and (3) Motion to Withdraw the Reference to the Bankruptcy Court. The parties agree and the court finds that this avoidance action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Thus, the court will address the Jury Trial Demand, the Chapter 7 Trustee's motion to strike the jury trial demand, and the Motion to Withdraw the Reference.

Case 1:06-cv-00518-SLR     Document 2     Filed 08/23/2006     Page 33 of 36

Get a Document - by Citation - 2002 Bankr. LEXIS 330

Page 3 of 4

*I. Jury Trial Demand*

**HN1** The U.S. Supreme Court has held that "'a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the [*2] estate.'" Langenkamp v. Culp, 498 U.S. 42, 45, 112 L. Ed. 2d 343, 111 S. Ct. 330 (1990), rehearing denied, 498 U.S. 1043, 112 L. Ed. 2d 709, 111 S. Ct. 721 (1990), quoting Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989). Specifically, if a creditor files claims against the bankruptcy estate and is then met with a preference action from the trustee, that action becomes part of the claims allowance process which is triable only in equity. Langenkamp v. Culp, 498 U.S. at 44. Thus, there is no Seventh Amendment right to a jury trial. Id. If, however, the creditor has not filed a claim against the debtor's estate, the creditor is entitled to a jury trial on the issue of whether the payments constituted an avoidable preference. Id. This exception is intended for individuals who have not filed claims but from whom the trustee seeks to recover an allegedly fraudulent or preferential transfer.

Similarly, **HN2** the Third Circuit Court of Appeals has held that by submitting a proof of claim to the debtor's estate, the creditors effectively waive their right to a jury trial and instead [*3] submit themselves to the equitable jurisdiction of the bankruptcy court. See Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242 (3d. Cir.), cert. denied 513 U.S. 999, 130 L. Ed. 2d 416, 115 S. Ct. 508 (1994); Travellers International AG v. Robinson, 982 F.2d 96, 98 (3d. Cir. 1992), cert. denied 507 U.S. 1051, 123 L. Ed. 2d 651, 113 S. Ct. 1946 (1993). A creditor who files a proof of claim against the bankruptcy estate "'triggers the process of 'allowance and disallowance of claims', thereby subjecting himself to the bankruptcy court's equitable power'". In re Heater, 261 B.R. 145, 148 (Bankr.W.D.Pa. 2001), quoting Langenkamp, 498 U.S. at 44. In other words, if that creditor later becomes a defendant in a preference action in which it would normally have a right to a jury trial, that action becomes part of the claims allowance process and is triable only in equity. In re Heater, 261 B.R. at 148. If, however, the creditor against whom the preference action is brought has not filed a proof of claim, the preference action "amounts only to a legal action to recover [*4] a monetary transfer." Id. In this situation, the creditor retains the right to a jury trial. Id.

Because K-Swiss, Inc., has not filed a claim against the estate, it is entitled to a jury trial in this avoidance action. If, however, K-Swiss had filed a claim, it would not be entitled to a jury trial. Therefore, this court holds that Defendant K-Swiss, Inc., is entitled to a jury trial in this avoidance action only because it has not filed a claim against the estate.

*II. Motion of Plaintiff to Strike*

For the reasons expressed above, the Chapter 7 Trustee's motion to strike K-Swiss, Inc.'s jury trial demand is denied.

*III. Motion to Withdraw the Reference to the Bankruptcy Court*

Pursuant to 28 U.S.C. § 157(d), **HN3** "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Both parties agree that the motion was timely filed. Furthermore, even the Chapter 7 Trustee in his Response in Opposition to the Motion of the Defendant to Withdraw the Reference to the Bankruptcy Court correctly asserts that most courts have held that the right [*5] to a jury trial constitutes sufficient cause for withdrawal of the reference. See In re Kenai Corp., 136 B.R. 59, 61 (S.D.N.Y. 1992). Therefore, because Defendant K-Swiss, Inc., is entitled to a jury trial in this avoidance action as it has not submitted a claim against the estate, the Motion to Withdraw the Reference to the

Case 1:06-cv-00518-SLR      Document 2      Filed 08/23/2006      Page 34 of 36

Get a Document - by Citation - 2002 Bankr. LEXIS 330

Page 4 of 4

Bankruptcy Court should be granted.

*IV. Conclusion*

For the foregoing reasons, Defendant is entitled to a jury trial and the reference should be withdrawn. An appropriate recommendation to the District Court will be entered.

DATE: April 9, 2002

Judith K. Fitzgerald

U.S. Bankruptcy Judge

**ORDER AND RECOMMENDATION**

**AND NOW,** this 9th day of **April, 2002,** for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, and DECREED** that Defendant K-Swiss, Inc. is entitled to a jury trial in this avoidance action as it has not filed a claim against the estate.

It is **FURTHER ORDERED** that the Chapter 7 Trustee's motion to strike the demand for jury trial is **DENIED.**

It is **FURTHER ORDERED** that the Clerk shall forthwith transmit the motion to withdraw the reference to the District **[*6]**  Court.

Further, it is **RECOMMENDED** that the District Court grant the motion to withdraw the reference.

Judith K. Fitzgerald

U.S. Bankruptcy Judge

Service: Get by LEXSEE®
Citation: 2002 Bankr. LEXIS 330,at 5
View: Full
Date/Time: Wednesday, July 12, 2006 - 4:50 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
■ - Questioned: Validity questioned by citing refs
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
❶ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

 **LexisNexis®**   About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Case No. LA 03-13364-(MFW) |
| THE GINGISS GROUP, INC., <u>et al.</u>, | (Jointly Administered) |
| Debtors. | Chapter 7 |
| ALFRED T. GIULIANO, Chapter 7 Trustee for the estates of THE GINGISS GROUP, INC., <u>et al.</u>, | Adv. No. 06-50618 (KJC) |
| Plaintiff, | |
| vs. | |
| SULMEYER KUPETZ, A PROFESSIONAL CORPORATION, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Susan E. Kaufman, Esquire certify that I caused one true and correct copy of the within

Defendant's Motion to Withdraw the Reference to the Bankruptcy Court, Defendant's Motion

for A Determination of Core Status and Opening Brief in Support of Defendants' Motion to

Withdraw the Reference to the Bankruptcy Court to be sent on July 26, 2006 in the manner

indicated to the following:

<u>Via Fax and Hand Delivery</u>

Sheldon K. Rennie, Esquire
Fox Rothschild, LLP
919 N. Market Street
Suite 1300
Wilmington, DE 19801

<u>Via Fax and U.S. Mail, Postage Prepaid</u>

Michael G. Menkowitz, Esquire
Mark G. McCreary, Esquire
Fox Rothschild, LLP
2000 Market Street
10th Floor
Philadelphia, PA 19103
215-299-2150 (fax)

<div style="margin-left:40%">

HEIMAN, GOUGE & KAUFMAN, LLP

<u>*/s/ Susan E. Kaufman*</u>
Susan E. Kaufman (DSB # 3381)
800 King Street
Suite 303
P.O. Box 1674
Wilmington, DE 19801
(302) 658-1800

</div>

Dated: July 26, 2006